*E-Filed 2/14/12*

UNITED SATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

STEVE CRUMP,

    Petitioner,

  v.

CHARLES PLUMMER,

    Respondent.

No. C 12-0178 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

## BACKGROUND

Petitioner challenges his pre-trial detention on state charges of making terrorist threats and identity theft. Petitioner asks for the Court to order his immediate release on grounds of malicious prosecution, false arrest, and retaliation.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971). More specifically, federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53–54. *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all of the elements of *Younger* are present. Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. As to the first *Younger* element, the record demonstrates that petitioner's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of*

*San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Thus, *Younger* abstention is applicable here.

When *Younger* applies, and the party seeks injunctive relief, as petitioner does here by asking the Court to order his immediate release, federal courts should dismiss the action in its entirety. *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976). Accordingly, the petition is DISMISSED on grounds of abstention.

The petition is also dismissed because petitioner has filed at least two other actions related to his detention on these same charges, e.g., 11-4920 RS and 11-5084 RS. The current petition, then, is barred by the rule against second or successive petitions. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). In order to file a second or successive petition, the petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: February 14, 2012

RICHARD SEEBORG  
United States District Judge